IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PC DRIVERS HEADQUARTERS, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:15-CV-1038 |
| | § | |
| AMBICOM HOLDINGS, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Defendant AmbiCom Holdings Inc.'s Motion to Set Aside Default Judgment, (Dkt. 16), Request for Oral Argument, (Dkt. 22), and Opposed Emergency Motion for Expedited Consideration. (Dkt. 29). After reviewing the pleadings and the relevant legal authorities, the Court issues the following order.

## BACKGROUND

Plaintiff PC Drivers Headquarters, L.P. ("PCD") sued Defendant AmbiCom Holdings, Inc. ("AmbiCom") for breach of contract. According to Plaintiff, PCD and AmbiCom entered into a joint business venture to develop, market, and sell certain software-related products and services. (Orig. Pet. ¶ 7; Mot. Default. J. ¶ 8). Plaintiff contended that, following AmbiCom's repeated failure to perform its contractual obligations, it was forced to make payments owed by AmbiCom to various third parties in order to preserve PCD's ownership of certain assets. (Mot. Default. J. ¶ 8). PCD sought compensatory damages for the payments made on behalf of AmbiCom, a declaratory judgment defining its surviving rights following the termination of the business venture, a permanent injunction, and attorneys' fees. (*Id.*).

On October 29, 2015, Plaintiff filed this action in the 201st Judicial District Court of Travis County, Texas. On November 17, 2015, AmbiCom removed the case to this Court. AmbiCom did

not file an answer or any other defensive pleading in the state court action prior to removal. On December 4, 2015, AmbiCom's counsel filed a motion to withdraw. The Court held a hearing on December 17, 2015, and entered an order granting the motion to withdraw. In the order, the Court admonished Defendant "if its financial situation should change, it should retain litigation counsel expeditiously, as the probable consequence of proceeding without counsel is the issuance of a default judgment." (Order, Dkt. 9.) After AmbiCom's counsel withdrew, no other attorney made an appearance or filed an answer on its behalf.

On January 27, 2016, PCD filed a Motion for Entry of Default. (Dkt. 11). The Clerk of the Court entered a default against AmbiCom on January 26, 2016. (Dkt. 12). PCD thereafter moved the Court for the entry of default judgment, (Dkt. 13), which this Court granted by order dated April 19, 2016. (Dkt. 14). The Court entered final default judgment that same day. (Dkt. 15).

On January 19, 2017, nearly a year after PCD initially moved for entry of default, an attorney appeared on behalf of AmbiCom and filed the instant motion to set aside the default judgment entered in April 2016.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances, including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). "The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). The decision whether to grant relief under Rule 60(b) "lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Id.* (quoting *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc)).

**DISCUSSION**

AmbiCom moves to set aside the default judgment under clauses 3, 4, and 6 of Rule 60(b). These clauses allow the court to set aside judgments where a party has engaged in fraud or misconduct, where the judgment is void, or where there are other reasons that justify relief, respectively. Fed. R. Civ. P. 60(b).

**I.    Rule 60(b)(3)**

Rule 60(b)(3) provides that a court may relieve a party from judgment where it is shown that the opposing party engaged in fraud, misrepresentation, or misconduct. Fed. R. Civ. P. 60(b)(3). "To merit relief, the complaining party must 'establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case.'" *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 156 (5th Cir. 2004) (quoting *Montgomery v. Hall*, 592 F.2d 278, 278–79 (5th Cir. 1979)). "The purpose of the rule is to afford parties relief from judgments which are unfairly obtained, not those which may be factually incorrect." *Diaz v. Methodist Hosp.*, 46 F.3d 492, 496 (5th Cir. 1995).

AmbiCom accuses PCD of making numerous misrepresentations in its Complaint and its motion for default judgment. What AmbiCom does not do, however, is provide clear and convincing evidence demonstrating why the alleged misrepresentations prevented it from fully and fairly presenting its case. *See Gen. Universal Sys.*, 379 F.3d at 156. For this reason alone, AmbiCom has failed to show that it is eligible for relief under Rule 60(b)(3).

Additionally, nearly all of AmbiCom's accusations center on disagreements over the parties' obligations under their Joint Development License Agreement ("JDLA"). According to AmbiCom, the contents of the JDLA "have never been in dispute," so advancing a contract construction that differs from the one now proposed by AmbiCom, it is suggested, amounts to misrepresentation. (*See* Mot. Set Aside Default, Dkt. 16, at 2). But the terms have never been in dispute only because

3

AmbiCom chose not to pursue its construction of the JDLA in this matter, choosing instead to accept a default with full knowledge of PCD's proposed construction. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275–76 (2010) (holding in the Rule 60(b)(4) context that the rule "does not provide a license for litigants to sleep on their rights" and a party's decision not to avail itself of a full and fair opportunity to litigate will not justify relief); *Borne v. River Parishes Hosp., L.L.C.*, 548 F. App'x 954, 959 (5th Cir. 2013) (holding as to Rule 60(b)(6) that "relief is not warranted for a party's deliberate choice not to pursue claims or rectify errors in a timely manner"); *Fackleman v. Bell*, 564 F.2d 734, 737 (5th Cir. 1977) ("[A] 60(b) motion is not a remedy for one who fails to prosecute his rights."). While a different view of the parties' obligations may have prevailed had AmbiCom litigated this case on the merits, AmbiCom's arguments now suggest—at most—that the judgment may have been based on an incorrect reading of the contract. This does not justify relief under Rule 60(b)(3). *Diaz*, 46 F.3d at 496.[1]

In its sole accusation that does not concern contract interpretation, AmbiCom argues that PCD's allegations that AmbiCom had made "various efforts to thwart its access to or abscond with the software that is the subject of their dispute" were false, since a Transition Services Agreement ("TSA") had been executed that altered the relationship of the parties with respect to control of the software. (Mot. Set Aside Default, Dkt. 16, at 9). According to AmbiCom, the TSA "made irrelevant all of [PCD's] claims in the Amended Petition concerning the transfer of control of the software because it provided for the very transition [PCD] claimed had not occurred." (*Id.* at 3).

---

[1] Theoretically, a party's contract construction may be so indefensible as to suggest deliberate misrepresentation. That is not the case here, as PCD's construction finds support in the JDLA. As an example, clause 5(b) of the JDLA provides that PCD will make a one-time payment to fund AmbiCom's product development and that PCD would recoup this amount by taking a larger share of net revenues until it is repaid. This suggests both that product development was a principal obligation of AmbiCom, even if it was nominally shared, and that these expenses were not to be borne equally by the parties. Clause 3(d) also identifies software development as an obligation of AmbiCom.

AmbiCom's motion does not make clear how the execution of the TSA, standing alone, makes false or renders irrelevant allegations that AmbiCom had taken efforts to thwart PCD's access to the software. Allegations of past breaches of the JDLA become no less true simply because the breaches are unlikely to be repeated after executing the TSA. While AmbiCom's performance under the TSA might have affected PCD's entitlement to prospective injunctive relief, AmbiCom has presented no evidence that it satisfied its obligations under the agreement. AmbiCom states only that the transfer of control had been "provided for" under the TSA, but the mere existence of a contractual obligation is not evidence of its performance. Further, the evidence provided suggests only that PCD had initially performed under the TSA before the agreement broke down. (*See* Cornell Decl., Dkt. 16-2, at 52–54 (averring that PCD made an initial payment under the TSA before defaulting)). Without evidence that the TSA materially changed the facts as alleged by PCD, the Court is left only with AmbiCom's conclusory allegations of misrepresentations. Such allegations are insufficient to support relief under Rule 60(b)(3). *See White v. Fox*, 576 F. App'x 327, 332 (5th Cir. 2014) ("White's conclusory, speculative allegations of fraud do not establish that the . . . denial of a new trial on this basis was an abuse of discretion.").

## II.    Rule 60(b)(4)

Rule 60(b)(4) allows the court to grant a party relief from a void judgment. This rule, however, "applies only in the rare instance where a judgment is premised on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Espinosa*, 559 U.S. at 271. A judgment is not void simply because it may have been erroneous. *Id.* at 270 (quoting *Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir. 1995)). "Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal." *Id.* at 270.

AmbiCom argues neither basis for relief under Rule 60(b)(4) as they are articulated in *Espinosa*. Rather, it asserts that the final default judgment is void because it provided relief that

5

exceeded what was requested in PCD's Complaint, which allegedly violated Rule 54(c). *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

Even assuming that the final default judgment violated Rule 54(c), the Court is not convinced that such a violation provides a basis for relief under Rule 60(b)(4). AmbiCom cites a treatise's comments on Rule 54(c) as support for its argument, but the same treatise states—consistently with the Supreme Court's holding in *Espinosa*—that a judgment is void for the purposes of Rule 60(b)(4) "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." 11 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2862 (3d ed.).

AmbiCom does not dispute this Court's jurisdiction over the subject matter or parties. Nor does it argue that the Court has acted in a manner that was inconsistent with due process. Accordingly, Ambicom has not demonstrated a basis for relief under Rule 60(b)(4). *See Espinosa*, 559 U.S. at 271.

### III.     Rule 60(b)(6)

Rule 60(b)(6) provides that the court may relieve a party from a judgment for "any other reason that justifies relief." The "any other reason" language refers to any reason other than those contained in Rule 60(b)'s five other clauses. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995). While the Fifth Circuit has described Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses," *id.*, it has also "narrowly circumscribed" the availability of relief under the rule to situations in which "extraordinary circumstances" are present. *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013).

AmbiCom argues that the misfeasance of its prior CEO, John Hwang, justifies relief under Rule 60(b)(6). According to AmbiCom, following an arbitration award in PCD's favor, Hwang decided that AmbiCom would stop paying its counsel despite having resources to do so, (Cornell Decl., Dkt. 16-2), and instructed counsel not to file an answer or otherwise defend in this action. AmbiCom's counsel allegedly advised against this course of action, but Hwang ignored that advice and instead permitted counsel to withdraw. Hwang thereafter executed the TSA with PCD, which resulted in a payment of $100,000 to AmbiCom. Instead of using those funds to secure counsel to defend this action and pursue claims stemming from PCD's alleged default under the TSA, AmbiCom alleges that Hwang chose to pay himself.

While AmbiCom accuses Hwang of making poor decisions on its behalf, it does not argue that he lacked the authority to do so.[2] Whatever the reasons for Hwang's choices, nothing in the record suggests that his decision to allow AmbiCom to default was anything but a deliberate and calculated choice. Simply showing that the decision worked to the detriment of AmbiCom is insufficient to justify relief under Rule 60(b)(6), which "should not be used to undo the damage done by a poor strategic decision[.]" *Yesh Music*, 727 F.3d at 363. Rather, the rule "requires a showing of 'manifest injustice' and will not be used to relieve a party from the 'free, calculated, and deliberate choices he has made.'" *Id.* (quoting *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350 (5th Cir. 1993)); *see also Fackleman*, 564 F.2d at 737 ("[A] 60(b) motion is not a remedy for one who fails to prosecute his rights."). The Court is not persuaded that "manifest injustice" is present here.

---

[2] The Court makes no findings as to Hwang's motivations or the wisdom of his actions. It is possible, as AmbiCom suggests, that he wished to enrich himself at the expense of AmbiCom and its shareholders by forfeiting its defenses to ensure there were funds enough to pay his own salary. It is also possible that, following an unfavorable arbitration award, Hwang believed that AmbiCom would not prevail in this action. In that case, he might reasonably have decided that the costs of defending the lawsuit could not be justified—even if AmbiCom had a colorable defense. *See Matter of Gober*, 100 F.3d 1195, 1205 (5th Cir. 1996) ("[A] party may choose not to litigate issues for reasons that have nothing to do with the merits of the case—for example, if the amount at stake does not justify the expense of contesting the lawsuit.").

To the extent AmbiCom believes that Hwang's actions violated any duties he owed to the corporation and its shareholders, it may pursue any claims it may have against him in an appropriate action. AmbiCom is thus not without a remedy for Hwang's alleged misfeasance, and nothing in the final default judgment prevents it from seeking one.

## CONCLUSION

For the foregoing reasons, the Court finds that the arguments and evidence put forth by AmbiCom fail to justify relief under Rule 60(b). Accordingly, the Court **DENIES** Defendant's Motion to Set Aside Default Judgment. (Dkt. 16). Defendant's Motion for Oral Argument and Motion for Expedited Consideration are hereby **DISMISSED AS MOOT**. (Dkts. 22, 29).

**SIGNED** on March 20, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE